## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ERIC PHILLIPS,

           Plaintiff.

      v.

DAVID SCHIFINO, STEPHEN
HOVE and FIREHOUSE GALLERY,
LLC, a Florida limited liability company,

         Defendants.

GnB, LLC, a Delaware limited liability
company,

         Nominal Defendant.

C.A. No. _____

### NOTICE OF REMOVAL AND MOTION TO TRANSFER

Stephen Hove ("Hove") and Firehouse Gallery, LLC ("Firehouse", collectively with Hove "Defendants") by and through its undersigned counsel and pursuant to 28 U.S.C. §§1441 *et seq.* hereby remove this action filed as *Eric Phillips v. David Schifino, Stephen Hove, Firehouse Gallery, LLC and GnB, LLC,* and designated Civil Action Number 3644-VCL from the Court of Chancery for the State of Delaware to the United States District Court for the District of Delaware ("Notice of Removal"). In support of this removal and pursuant to 28 U.S.C. §1446, Defendants state:

1.      GnB, LLC (hereinafter the "Debtor" or "GnB") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 10, 2008 (the "Petition Date") in the United States Bankruptcy Court in and for the Middle District of Florida,

Tampa Division. The Debtor's case has been assigned case number 08-4949-KRM. Debtor is operating as a debtor-in-possession.

2.    Firehouse and Hove are defendants in a civil action originally pending in the Court of Chancery of the State of Delaware, case number 3644-VCL (the "State Court Action"). The Plaintiff in the State Court Action is Eric Phillips ("Phillips").

3.    On or about March 24, 2008, Phillips initiated the State Court Action against David Schifino, Stephen Hove, Firehouse Gallery, LLC and GnB, seeking a declaratory judgment pursuant to 6 *Del. C.* § 18-110 regarding the rights of the parties to designate certain members of the alleged board of directors of GnB.

**The State Court Action is Removed**

4.    Defendants are entitled to remove the State Court Action pursuant to 28 U.S.C. §§157, 1334 and 1452.

5.    Defendants have filed this Notice of Removal in order to remove the State Court Action to the District Court. The Notice of Removal was filed in order to prevent piecemeal litigation, unnecessary costs and inconsistent results.

6.    A copy of all pleadings filed in the State Court Action are attached hereto as Exhibit "A".

7.    Pursuant to 28 U.S.C. §1446(b), this notice of removal has been filed within thirty days of the initiation of the State Court Action on March 24, 2007.

8.    Given that the State Court Action concerns corporate governance issues related to the Debtor, which would necessarily impact any reorganization efforts, the State Court Action arises in, arises under, and is intimately related to the above captioned Chapter 11 cases pursuant to 28 U.S.C. §157(b)(2)(A). Further, Defendants' defenses

2

and counterclaims in State Court Action with regard to the requirements of the LLC Agreement would require a determination of whether certain assets are property of the Debtor's estate, matters that fall squarely within §157(b)(2)(C) and (E).

9.    Therefore, the State Court Action is properly removed to this Court.

**This Proceeding Should be Transferred to the Florida Bankruptcy Court**

10.    By this Motion, Defendants also seek to transfer the venue of the removed action to the United States Bankruptcy Court for the Middle District of Florida, Tampa Division. In support of this Motion, Defendants respectfully state as follows:

11.    Section 1412 of Title 28 allows this Court to transfer the venue of this proceeding to the "home" Court where the underlying Chapter 11 case is pending – the Middle District of Florida, Tampa Division. The interests of justice and the convenience of the parties require such transfer. Because the criteria under §1412 is phrased in the disjunctive, the proceeding is transferable upon a sufficient showing of either the interest of justice or the convenience of the parties.

12.    Factors cited by courts in determining whether transfer of venue will serve the interests of justice include the efficient economic administration of the bankruptcy estate, the presumption in favor of trying cases "related to" a bankruptcy case in the court in which the bankruptcy is pending, and judicial efficiency. *See e.g. In re Manville Forest Products Corp.*, 896 F.2d 1384, 1391(2nd Cir. 1990) (stating that "the efficient administration of bankruptcy estates" is a factor under the "interest of justice" prong of §1412); *Thomasson v. AmSouth Bank, N.A.*, 59 B.R. 997, 1000 (N.D. Ala. 1986) ("[t]he most important factor is whether the transfer of the proceeding would promote the economic and efficient administration of the estate" quoting *In re Butcher*, 46 B.R. 109,

3

112 (Bankr. N.D. Ga.1985); *Twyman v. Wedlo*, 204 B.R. 1006, 1014 (Bankr. N.D. Ala. 1996) (quoting same); *In re Continental Airlines, Inc.*, 133 B.R. 585, 588 (Bankr. D. Del. 1991) (*citing In re Southwinds Assocs., Ltd.*, 115 B.R. 857, 862 (Bankr. W.D. Pa. 1990); *Aztec Industries, Inc. v. Standard Oil Co., et al. (In re Aztec Industries, Inc.)*, 84 B.R. 464, 467 (Bankr. N.D. Ohio 1987) (the most important factor in analyzing a transfer of venue request under §1412 is "the economic and efficient administration of the estate"); *Kinney Systems, Inc. v. Intermet Realty Partnership, et al. (In re Convent Guardian Corp.)*, 75 B.R. 346, 347 (Bankr. E.D. Pa.1987) (finding that the proper role of the "conduit" court was to transfer the action to the "home" Bankruptcy Court to decide the issue of whether to remand or abstain from hearing the action); *Colarusso v. Burger King Corp.*, 35 B.R. 365, 366-68 (Bankr. E.D. Pa.1984). All of the foregoing factors support the requested transfer of venue.

13.     The requested transfer would also be supported by the convenience of the parties. Plaintiff resides in Georgia, so having the matter heard in Florida rather than in Delaware would not be less convenient. All of the Defendants, including Debtor, are located in Tampa, and therefore the majority of the witnesses in the case reside in Tampa.

WHEREFORE, Steven Hove and Firehouse Gallery LLC respectfully request that this Court enter its Order granting this Motion, transferring the venue to the Middle District of Florida, Tampa Division, and granting such other and further relief as is just and proper.

Dated: April 21, 2008
      Wilmington, Delaware

CROSS & SIMON, LLC

By:                           
    Richard H. Cross (No. 3576)
    Michael J. Joyce (No. 4563)
    913 North Market Street, 11th Floor
    Wilmington, DE 19801
    Telephone: (302) 777-4200
    Facsimile: (302) 777-4224

# EXHIBIT A

EFiled: Mar 24 2008  2:10PM EDT
Transaction ID 19112315
Case No. 3644-

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

ERIC PHILLIPS,                                 :
                                               :
                    Plaintiff,                 :
                                               :
          v.                                   :    C.A. No._____
                                               :
DAVID SCHIFINO, STEPHEN HOVE, and              :
FIREHOUSE GALLERY, LLC, a Florida              :
limited liability company,                     :
                                               :
                    Defendants,                :
                                               :
GnB, LLC, a Delaware limited liability company, :
                                               :
                    Nominal Defendant.         :

## VERIFIED COMPLAINT

Plaintiff, by and through his undersigned counsel for the verified complaint (the "Complaint"), hereby states as follows:

### NATURE OF THE ACTION

1.      Plaintiff Eric Phillips ("Phillips") brings this action to obtain a declaratory judgment pursuant to 6 *Del. C.* § 18-110 that (a) Phillips has the right to designate three (3) of the five (5) members of the Board of Directors of defendant GnB, LLC ("GnB" or the "Company"); and (b) Defendants waived any objection to, acquiesced in, or are estopped from objecting to, Phillips's management designees by their conduct.

### THE PARTIES

2.      Phillips is a member and manager of GnB.  Pursuant to an agreement among Phillips, Wick's End, Inc. (a company owned by Phillips) and David Schifino dated February 20, 2007, as amended (the "Agreement"), Phillips owns 50% of the equity of GnB.  A copy of the

Agreement, the May 2007 Addendum and the June 2007 Addendum are attached hereto as Exhibits A, B and C, respectively.

3.    Nominal defendant GnB, LLC is a Delaware limited liability company with its principal place of business in Tampa, Florida. GnB is engaged in the business of selling candles through the Internet.

4.    Defendant David Schifino is a resident of Tampa, Florida. Schifino indirectly owns or owned the remaining 50% equity interest in the Company. *See* Agreement, ¶ 1.

5.    Defendant Firehouse Gallery, LLC ("Firehouse") is a Florida limited liability company with its principal place of business in Tampa, Florida. Upon information and belief, Schifino formed Firehouse to hold his 50% equity interest in GnB. *See* Agreement, ¶ 1. On or about January 2, 2008, Schifino purportedly assigned "all of his right, title and interest" in the Agreement and "any claims or causes of action he may have against Phillips and/or Wick's End" to Firehouse. A copy of the purported assignment is attached hereto as Exhibit D. Schifino then purportedly assigned "all of his right, title and interest in and to all of the membership interests in Firehouse" to Candles.com, LLC, a Florida limited liability company. A copy of the purported assignment is attached hereto as Exhibit E.

6.    Defendant Stephen Hove is a resident of Tampa, Florida. Upon information and belief, Candles.com LLC is wholly owned or controlled by Hove.

7.    The assignments by Schifino appear to be prohibited by the Agreement and 6 *Del. C.* § 18-702. Nevertheless, Schifino and Hove both appear to be involved in the management of GnB at this time. Accordingly, to the extent that the assignments by Schifino may have been valid, and in order for Phillips to obtain complete relief, this action joins Schifino, Hove and Firehouse.

2

### The Agreement

8.      On or about February 20, 2007, Schifino, Phillips and Wick's End entered into the Agreement, whereby Schifino and Phillips would form and operate a new entity, GnB, to engage in the marketing and sale of candles through the Internet.[1]

9.      The Agreement provided that GnB would be "equally owned" by Phillips and Schifino with each holding "voting membership interests." *See* Agreement, ¶ 1. "Any other members of [GnB] will own nonvoting membership interests." *Id.*

10.     In the event Phillips and Schifino are unable to agree on a management decision, "any decision[] they do not agree on ... will be decided by" the Board of Directors of GnB (the "GnB Board"). *Id.*, ¶ 11.

11.     GnB's "board of directors [shall be] made up of five (5) persons. Phillips will appoint three (3) board members and Schifino will appoint two (2). Phillips and Schifino may elect to sit on the board and the designees of each other (other than each other) must be approved by the other party." *Id.*, ¶ 10.

12.     The Agreement was conditioned upon, among other things, Schifino and Phillips reaching agreement on the composition of the GnB Board.   *See* Agreement, ¶ 14.   They covenanted to use their "best efforts" to do so.   *See* June 2007 Addendum.

13.     Under Delaware law, each party's right to approve the other party's designees must be exercised in good faith.

14.     Schifino has not used best efforts to satisfy the conditions of the Agreement. Nor has he acted in good faith.

---

[1]      The Agreement does identify GnB, LLC by name, though it recites that Schifino and Phillips will pursue their venture through a new company. *See* Agreement, ¶ 1. GnB is that new company.

3

## Schifino Blocks Formation of the GnB Board

15.    On November 28, 2007, Phillips identified his GnB Board designees and provided their resumes and contact information to Schifino.  A copy of the November 28, 2007 Letter is attached as Exhibit F.  Schifino told Phillips that his proposed designees looked qualified. Nevertheless, Schifino never contacted Phillips's designees, despite repeated promises to do so. Nor has he approved Phillips's designees.

16.    Schifino has blocked the formation of the GnB Board and, more importantly, denied Phillips his contractual right to designate a majority of the GnB directors.

## Schifino Takes *De Facto* Control of GnB

17.    Schifino also excluded Phillips from actively participating in the management and operation of GnB, notwithstanding Phillips's substantial experience in the manufacture, sale and distribution of candle and candle-related products.

18.    In the first ten months of operations, the Company, under Schifino's direction, burned through more than $500,000.   For example, the Company spent approximately $115,000 to develop proprietary software to track sales and inventory.  Upon information and belief, the software is defective.  The Company cannot track inventory, though this was a principal purpose for developing the software.  Phillips repeatedly advised Schifino that adequate software could be purchased off-the-shelf for a few hundred dollars, and that the money was needed for other, more pressing needs of the Company.  Schifino ignored Phillips's advice.

19.    Schifino frequently failed to advise Phillips of pending business decisions, acting unilaterally instead; he failed to provide Phillips with timely access to information relating to GnB's operations; and, he prevented Phillips from accessing the back-end of the Company's website so that Phillips could merchandise the site.

4

20.     Schifino also refused to give Phillips access to GnB's books and records, until Phillips's counsel intervened.    Though Schifino promised to send complete copies of the financial information requested by Phillips's counsel, he failed to do so.    The missing information includes GnB's bank account numbers, agreements with contractors and vendors, and other financial records related to the Company's technology and software accounts, operating costs and professional fees.

21.     The information that Schifino did grudgingly provide raises serious questions concerning the Company's solvency and the propriety of certain expenditures by Schifino on behalf of GnB.    Though incomplete, the financial records suggest the Company is insolvent. These records also reflect payments totaling more than $12,000 to various relatives of Schifino, among others.    The records lack any notes explaining the payments. Other discrepancies appear to exist in the Company's accounts, suggesting questionable accounting practices by Schifino.

22.     Phillips had no knowledge of the extent of the payments to Schifino's relatives or the apparent discrepancies in the Company's accounts.

23.     Within weeks of producing certain of the Company's financial records, Schifino purportedly assigned his entire interest in the Agreement and GnB to Hove. Schifino never informed Phillips of the assignments in advance.

**Hove Purports to Have Management Authority Over GnB, LLC**

24.     Like Schifino, Hove has maneuvered to exclude Phillips from any role in the operations and management of the Company in violation of the Agreement.    Hove has not advised Phillips of pending business decisions, failed to provide Phillips with timely access to information, and prevented Phillips from accessing the back-end of the Company's website. Hove also refused to constitute the GnB Board.

5

25. Schifino and Hove have prevented Phillips from fully enjoying his rights under the Agreement.

## COUNT I
### Declaratory Judgment Pursuant to 6 *Del. C.* § 18-110

26. Phillips repeats and realleges the foregoing allegations as if fully set forth herein.

27. A ripe controversy exists between Phillips and Defendants. In particular, the parties disagree (or, on information and belief, are believed to disagree) over the following issues:

 a. Whether Phillips has the right to designate three (3) of the five (5) members of the Board of Directors of GnB, LLC; and

 b. Whether Defendants, by their conduct, waived any objection to, acquiesced in, or are estopped from objecting to, Phillips's management designees.

28. Section 18-110 of the Delaware Limited Liability Company Act provides that:

> Upon application of any member or manager, the Court of Chancery may hear and determine the validity of any admission, election, appointment, removal or resignation of a manager of a limited liability company, and the right of any person to become or continue to be a manager of a limited liability company, ...; and to that end make such order or decree in any such case as may be just and proper, with power to enforce the production of any books, papers and records of the limited liability company relating to the issue....

29. The Agreement unequivocally affords Phillips the right to designate a majority of the members of GnB's Board of Directors.

30. In November 2007, Phillips designated three persons to sit on GnB's Board and provided Defendants with their resumes and contact information.

31. Despite repeated requests by Phillips and his counsel, Defendants have refused to take any action with respect to Phillips's designees.

6

32.    Through their purposeful inaction, Defendants have denied Phillips his right to appoint a majority of the GnB Board, pursuant to paragraph 10 of the Agreement.

33.    Declaratory relief is necessary to resolve the issues set forth above. Phillips has no adequate remedy at law.

WHEREFORE, plaintiff Eric Phillips respectfully requests this Court enter an Order as follows:

(a)    declaring Phillips has the right to designate three (3) of the five (5) members of the Board of Directors of GnB, LLC;

(b)    declaring Defendants waived any objection to, acquiesced to, or are estopped from objecting to, Phillips's designees to the GnB Board of Directors;

(c)    awarding Phillips his costs and expenses, including reasonable attorneys' fees, in connection with this action; and,

(d)    granting such other relief as this Court shall deem appropriate.

PROCTOR HEYMAN LLP

*/s/ Dominick T. Gattuso*
Kurt M. Heyman (# 3054)
Dominick T. Gattuso (# 3630)
Jill K. Agro (# 4629)
1116 West Street
Wilmington, DE 19801
(302) 472-7300
Attorneys for Plaintiff Eric Phillips

Dated: March 24, 2008

7

3/25/08 · issued summons ~ic SpS (4 copy) *[handwritten]*

EFiled: Mar 26 2008 9:43A~
Transaction ID 19284288
Case No. 3644-
Case No. 3644-

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

ERIC PHILLIPS,                                  :

           Plaintiff,                       :

           v.                               :     C.A. No. 3644-VCL

DAVID SCHIFINO, STEPHEN HOVE, and               :
FIREHOUSE GALLERY, LLC, a Florida               :
limited liability company,                      :

           Defendants,                      :

GnB, LLC, a Delaware limited liability company, :

           Nominal Defendant.               :

### MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVERS

Plaintiff hereby moves upon the Verified Complaint filed in this action for an Order

pursuant to Chancery Court Rule 4 appointing any employee or agent of Proctor Heyman LLP as

Special Process Servers for the purpose of serving the Summons, Complaint and related suit

papers requiring service upon Defendants.

           PROCTOR HEYMAN LLP

           */s/ Dominick T. Gattuso*
           Kurt M. Heyman (# 3054)
           Dominick T. Gattuso (# 3630)
           Jill K. Agro (# 4629)
           1116 West Street
           Wilmington, DE 19801
           (302) 472-7300
           Attorneys for Plaintiff

Dated:     March 24, 2008

EFiled: Mar 24 2008 2:10PM EDT
Transaction ID 19112315
Case No. 3644-



IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

ERIC PHILLIPS,                              :
                                            :
                    Plaintiff,              :
                                            :
          v.                                :        C.A. No. 3644-VCL
                                            :
DAVID SCHIFINO, STEPHEN HOVE, and           :
FIREHOUSE GALLERY, LLC, a Florida           :
limited liability company,                  :
                                            :
                    Defendants,             :
                                            :
GnB, LLC, a Delaware limited liability company,  :
                                            :
                    Nominal Defendant.      :

## ORDER APPOINTING SPECIAL PROCESS SERVERS

IT IS HEREBY ORDERED this 25 day of March, 2008, that any employee or agent of

Proctor Heyman LLP is hereby appointed Special Process Server for the purpose of serving the

Summons, the Verified Complaint and other suit papers requiring service upon Defendants.

_____    3/25/08
Vice Chancellor              (date)
~~Master in Chancery~~



EFiled: Mar 25 2008 4:05PM EDT
Transaction ID 19134499
Case No. 3644-VCL

PROCTOR HEYMAN LLP

ATTORNEYS AT LAW

1116 WEST STREET · WILMINGTON, DELAWARE 19801
TEL: 302.472.7300 · FAX 302.472.7320 · WWW.PROCTORHEYMAN.COM

Direct Dial: (302) 472-7311
E-mail: dgattuso@proctorheyman.com

March 25, 2008

<u>VIA E-FILING</u>

Register in Chancery
Attention: Sheila
New Castle County Courthouse
500 North King Street – Suite 1551
Wilmington, DE 19801

     RE:    *Eric Phillips v. David Schifino, et al.,*
             C.A. No. 3644-VCL

Dear Sheila:

    I write in response to your telephone call this afternoon, concerning the above captioned action. Defendants in this action will be served pursuant to 6 *Del. C.* § 18-110. Accordingly, please prepare the summonses and notify us when they are ready. The summonses will be served by special process server.

    If you require further information, please contact me.

              Very truly yours,

              Dominick T. Gattuso (# 3630)

DTG/daa
#08-1232-01



## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

ERIC PHILLIPS,

        Plaintiff,

        V.

DAVID SCHIFINO, STEPHEN HOVE, and
FIREHOUSE GALLERY, LLC, a Florida
limited liability company,

        Defendants,

*GnB, LLC, a Delaware limited liability*
company,

        Nominal Defendant.

CA #: 3644-VCL

SUMMONS

### THE STATE OF DELAWARE

TO:   SPECIAL PROCESS SERVER:

### YOU ARE COMMANDED:

To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon Dominick T. Gattuso, Esquire, plaintiffs' attorney, whose address is 1116 West Street, Wilmington, Delaware 19801 an answer to the complaint.

To serve upon defendants a copy hereof and of the complaint.

### TO THE ABOVE NAMED DEFENDANTS:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney name above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: March 25, 2008

*Patricia G. Randolph*
_____
Register in Chancery

Case # <u>3644-VCL</u>

ERIC PHILLIPS,

Plaintiff,

V.

DAVID SCHIFINO, STEPHEN HOVE,
and FIREHOUSE GALLERY, LLC, a
Florida limited liability company,

Defendants,

GnB, LLC, a Delaware limited
liability company,

Nominal Defendant.

## SUMMONS

Please effectuate service upon:

1.    David Schifino
2.    Stephen Hove
3.    Firehouse Gallery, LLC
4.    GnB, LLC

Pursuant to 6 <u>Del.C.</u> Sec. 18-110

SERVICE TO BE COMPLETED BY
SPECIAL PROCESS SERVER

<u>Dominick T. Gattuso, Esquire</u>
Attorney for Plaintiff

**EFiled: Mar 31 2008 4:15PM EDT**
**Transaction ID 19206678**
**Case No. 3644-VCL**

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

ERIC PHILLIPS,                  :

             Plaintiff,        :

               v.             :      C.A. No. 3644-VCL

DAVID SCHIFINO, STEPHEN HOVE, and    :
FIREHOUSE GALLERY, LLC, a Florida    
limited liability company,          :

            Defendants,     :

GnB, LLC, a Delaware limited liability company,   :

           Nominal Defendant.   :

### MOTION FOR ORDER TO MAINTAIN *STATUS QUO*

Plaintiff Eric Phillips hereby moves the Court for an interim order, in the form attached hereto, to maintain the *status quo* with respect to the business and affairs of nominal defendant GnB, LLC ("GnB" or the "Company"). The grounds for this motion are as follows:

### INTRODUCTION

1.     This action involves a dispute over the contractual right of a member of a Delaware limited liability company to designate a majority of the members of the company's board of directors. By his verified complaint filed on March 24, 2007, Phillips seeks a declaratory judgment pursuant to 6 *Del. C.* § 18-110 that (a) Phillips has the right to designate three (3) of the five (5) members of the Board of Directors of GnB; and (b) Defendants waived any objection to, acquiesced in, or are estopped from objecting to, Phillips's management designees by their conduct.

## BACKGROUND

2.      On or about February 20, 2007, Phillips, defendant David Schifino, and non-party Wick's End, Inc. entered into an agreement (the "Agreement"),[1] whereby Schifino and Phillips agreed to form and operate a new entity, GnB, to engage in the marketing and sale of candles through the Internet.[2]

3.      The Agreement provides that GnB will be "equally owned" by Phillips and Schifino with each holding "voting membership interests."[3] Ex. A, at ¶ 1. They "will constitute a majority (if not all) of the voting shares." *Id.* at ¶ 11. "Any other members of [GnB] will own nonvoting membership interests." *Id.* at ¶ 1.

4.      The Agreement also provides for the formation of a "board of directors made up of five (5) persons" (the "GnB Board"). Ex. A, at ¶ 10. Phillips has the right to "appoint three (3) board members and Schifino will appoint two (2)." *Id.* "Phillips and Schifino may elect to sit on the board and the designees of each (other than each other) must be approved by the other party." *Id.* In the event Phillips and Schifino do not agree on a management decision the GnB Board will decide the issue. *Id.* at ¶ 11. Accordingly, Phillips has a contractual right to participate in the management of the Company and to designate a majority of the GnB Board.

---

[1]      The Agreement was amended in May 2007 and again in June 2007. The Agreement and the amendments thereto are attached as Ex. A.

[2]      The Agreement provided for the formation of a new entity to pursue their venture. *See* Ex. A, at ¶ 1. GnB is that entity, though the Agreement does not expressly identify the Company by name.

[3]      As alleged in the Verified Complaint, Schifino purportedly assigned his right, title and interest in the Agreement and in GnB to one or more entities owned or controlled by defendant Stephen Hove. Though Phillips believes the assignments are invalid under the Agreement and 6 *Del. C.* § 18-702, the Court need not consider that issue in this action.

5.    Despite these unequivocal rights, Defendants have blocked the formation of the GnB Board and excluded Phillips from participating in the management of the Company. In the first ten months of operations, the Company, under Schifino's direction, burned through more than $500,000 on questionable expenditures, despite Phillips's protests. Indeed, approximately $115,000 was spent to develop proprietary software that is defective, even though Phillips repeatedly advised Schifino that adequate software could be purchased off-the-shelf for a few hundred dollars.

6.    Furthermore, Schifino frequently failed to advise Phillips of pending business decisions, acting unilaterally instead; he failed to provide Phillips with timely access to information relating to GnB's operations; he prevented Phillips from accessing the back-end of the Company's website so that Phillips could merchandise the site; and, he refused to give Phillips access to GnB's books and records, until Phillips's counsel intervened.

7.    Though Schifino promised to provide complete copies of the financial information requested by Phillips's counsel, he failed to do so. Nevertheless, the information he grudgingly provided raises serious questions concerning the Company's solvency and the propriety of certain expenditures by Schifino on behalf of GnB. Though incomplete, the financial records suggest the Company is insolvent. These records also reflect payments totaling more than $12,000 to various relatives of Schifino, among others. Phillips had no knowledge of the extent of the payments, and there are no notes in the financial records explaining them. Other discrepancies appear to exist in the Company's accounts, suggesting questionable accounting practices by Schifino.

3

8.    Like Schifino, Hove (Schifino's purported assignee) has blocked the formation of the GnB Board and excluded Phillips from any role in the operation and management of the Company.

9.    In order to prevent further harm to GnB and Phillips pending resolution of this action, a *status quo* order is warranted.

## ARGUMENT

10.    It is well settled that the entry of an order maintaining the *status quo* is appropriate and customary in proceedings in which the proper corporate governance of a Delaware entity is in dispute. *See, e.g., CAPROC Manager, Inc. v. The Policeman's & Fireman's Retirement System of the City of Pontiac*, 2005 WL 937613, *1 (Del. Ch.) (granting a stipulated, proposed status quo order, under 6 *Del. C.* § 18-110) (Ex. B); *Arbitrium Handles AG v. Johnson*, 1994 WL 586828, *3 (Del. Ch. Sept. 23, 1994) (Ex. C). Indeed, *status quo* orders have been used so frequently in Delaware jurisprudence the Court in *Arbitrium* referred to them as "customary" in actions challenging the rightful control of the company. *Id.* at *3; *see also Grizzio v. Riddel*, 2004 WL 117585, *1 (Del. Ch. Jan. 21, 2004) (stating that "[s]tandstill agreements of this kind are fairly typical in § 225 proceedings") (Ex. D). It is "the risk that an unauthorized party will ultimately have power over corporate assets and processes...[that] justifies some reasonable restrictions." *Credit Lyonnais Bank Nederland N.V. v. Pathe Commc'n Corp.*, C.A. No. 12150, Allen, C. (Del. Ch. July 9, 1991) Tr. at 27-28 (Ex. E).

11.    As set forth in the Verified Complaint, Defendants have excluded Phillips from participating in the management and operations of the Company, notwithstanding his contractual right to do so. His exclusion from the business has left the door open for Defendants to engage

4

in what appear to be highly questionable business practices that have led the Company to the brink of insolvency, if not into insolvency.

12.    Moreover, Defendants have blocked the formation of the GnB Board. Though Defendants have had the names, resumes and contact information of Phillips's designees to the GnB Board for months, and have commented favorably on their qualifications, Defendants have refused to approve the designees. Defendants' purposeful inaction has frustrated Phillips's contractual right to designate a majority of the GnB Board members, and cemented their ability to exclude him from the Company's business operations. Without entry of a *status quo* order, Defendants will be free to cause further harm to GnB and Phillips during the pendency of this action.

WHEREFORE, plaintiff Eric Phillips respectfully requests that an Order be entered preserving the *status quo* in the form attached hereto.

PROCTOR HEYMAN LLP

*/s/ Dominick T. Gattuso*
Kurt M. Heyman (# 3054)
Dominick T. Gattuso (# 3630)
Jill K. Agro (# 4629)
1116 West Street
Wilmington, DE 19801
(302) 472-7300
Attorneys for Plaintiff Eric Phillips

Dated:    March 31, 2008

## CERTIFICATE OF SERVICE

I, Michael J. Joyce, hereby certify that on April 21, 2008, I caused a true and correct copy of the foregoing **Notice of Removal and Motion to Transfer** to be served upon the parties listed below in the manner indicated.

**Via Hand Delivery**
Dominick T. Gattuso, Esquire
Kurt M. Heyman, Esquire
Proctor Heyman LLP
1116 West Street
Wilmington, DE 19801

_____
Michael J. Joyce (No. 4563)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ERIC PHILLIPS,<br><br>     Plaintiff.<br><br>     v.<br><br>DAVID SCHIFINO, STEPHEN HOVE and FIREHOUSE GALLERY, LLC,<br><br>     Defendants.<br><br>GnB, LLC,<br><br>     Nominal Defendant. | Delaware Court of Chancery<br>Civil Action No. 3644-VCL<br><br><br>C.A. No. _____ |

## <u>ORDER</u>

Upon consideration of the Notice of Removal and Motion to Transfer, it his hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the venue is transferred to the Middle District of Florida, Tampa Division.

Dated: _____, 2008

_____
UNITED STATES DISTRICT JUDGE

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Eric Phillips,

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Dominick Gattuso
Dominick T. Gattuso, 1116 West Street, Wilmington, Delaware

## DEFENDANTS

David Schifino, Stephen Hove and Firehouse Gallery, GnB LLC, Nominal Defendant

County of Residence of First Listed Defendant    Tampa, Florida
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

Richard Cross, Cross & Simon LLC, 913 North Market Street, Wilmington, Delaware (representing Stephen Hove & Firehouse)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | **PERSONAL INJURY** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 362 Personal Injury - Med. Malpractice | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury - Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | ☐ 463 Habeas Corpus - Alien Detainee | | |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | ☐ 465 Other Immigration Actions | | |
| ☐ 441 Voting | **PRISONER PETITIONS** | | | |
| ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | | |
| ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | | |
| ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC §§ 1441, 1446

Brief description of cause:
Declaratory Judgment pursuant to 6 Del. C § 18-110

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE  4/21/08

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 5    2 2 5

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____2_____ COPIES OF AO FORM 85.

_____4/21/08_____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action